872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger Dale BLACK, Petitioner-Appellant,
v.
Gary LIVESAY, Warden; Mike Cody, Attorney General of
Tennessee, Respondents-Appellees.
 No. 88-5902.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1989.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges and JEROME TURNER, District Judge.*
 
 ORDER
 
 2
 Roger Dale Black appeals from the district court's judgment denying his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Black was a prisoner at the Middle Tennessee Reception Center in Nashville, Tennessee, when he severely beat a prison guard during an escape attempt. A state court jury found Black guilty of rebellion with intent to kill or escape, and he received a life sentence. The state court of appeals affirmed the conviction, and the Tennessee Supreme Court denied review.
 
 
 4
 In his petition, Black alleged that the rebellion statute was void for vagueness, that the jury instructions at his trial were improper, that his sentence was disproportionate to his crime, that the prosecution suppressed exculpatory evidence, that the prosecution improperly commented upon his juvenile record, and that the trial court improperly allowed the admission of photographs of the crime scene and of the prison guard's clothing. The district court correctly held that these issues are without merit.
 
 
 5
 The rebellion statute is not void for vagueness because persons of common intelligence can readily understand its meaning. Connally v. General Constr. Co., 269 U.S. 385, 391 (1926). The jury instructions based on this statute were proper. Given the violent nature of the assault upon the prison guard in this case, the life sentence was not disproportionate to the crime for which Black was charged. Solem v. Helm, 463 U.S. 277, 290 (1983).
 
 
 6
 Because the exculpatory evidence was eventually presented at trial, there was no violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). Finally, neither the comment upon Black's juvenile record nor the introduction of the photographs amounted to the violation of the fundamental fairness of the trial. Brofford v. Marshall, 751 F.2d 845, 857 (6th Cir.), cert. denied, 474 U.S. 872 (1985).
 
 
 7
 Therefore, the judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Jerome Turner, U.S. District Judge for the Western District of Tennessee, sitting by designation